Halpern, J., concurring in the result only: I. The Majority Although I agree with the result the majority reaches, I find its analysis confusing because of the reservation in the penultimate paragraph. The majority states: “If there is any question whether respondent must summarily assess to raise the inconsistency issue, it is not before us, and we leave that question for future cases.” Majority op. p. 246. The majority concludes that we have jurisdiction to consider petitioner’s claim that his income from BFC was less than the amount reported on the Schedule K-l he received from Builders. The majority so concludes principally on two alternative grounds. The first is that petitioner assigned error to the entire deficiency that respondent determined, and the alleged unreported income was one of respondent’s adjustments contributing to that deficiency. Majority op. p. 243. The second is that, pursuant to our overpayment jurisdiction (which petitioner has invoked), we have “authority to decide all issues necessary to determine the correct amount of income tax for the taxable year in issue.” Majority op. p. 244. The majority points out that the correct amount of the year’s tax even includes amounts that cannot be assessed because the period of limitations on assessment and collection has expired. Majority op. p. 244. What is confusing about the reservation in the penultimate paragraph is that assessment plays no role in either of the majority’s principal grounds. II. The Dissent I do not agree with Judge Holmes, whose argument, I believe, rests on a doubtful premise. As Judge Holmes points out, following the repeal of the two-tier TEFRA audit provisions applicable to S corporations, Congress enacted section 6037(c)(3), which applies the summary assessment rule to S corporation shareholders who report inconsistently. Section 6037(c) was described as “[requiring] consistency between the returns of the S corporation and its shareholders.” S. Rept. 104-281, at 51 (1996). In the case of an S corporation shareholder who fails to notify the Secretary of inconsistent treatment, section 6037(c)(3) undoubtedly allows the Commissioner to summarily assess any adjustment necessary to make his return consistent with that of the S corporation. I do not extract from that rule, however, a further rule that an S corporation shareholder can litigate an inconsistency between his return and the S corporation’s return only by “prepaying the tax and filing a claim for refund.” Dissenting op. p. 259. What if an S corporation shareholder’s only inconsistent reporting (which he does not identify for the Secretary) were his failure to claim a $100 deduction (like the charitable contribution deduction in this case)? The Commissioner would not (indeed, could not) because of that inconsistency assess any additional tax. Now assume that the Commissioner for the same year determines a $35 deficiency in the shareholder’s income tax on the ground that he failed to report a $100 taxable dividend from a source other than the S corporation. The shareholder petitions this Court and assigns error to the Commissioner’s determination solely on the ground that there is no deficiency because the omitted $100 dividend (which he concedes) is exactly offset by the omitted $100 deduction (which, for the first time, he now claims) and his income tax liability is no greater than the liability shown on his return.[1] The Commissioner thinks the deduction involves an unresolved question of fact and will not concede any offset. Judge Holmes, I suppose, would refuse to hear the shareholder’s offset claim and would send him off with a $35 deficiency and, perhaps, the advice to pay it and sue for a refund. The shareholder’s refund claim would not, however, in Judge Holmes’ terms, dissenting op. p. 264, “fit snugly” within section 6512(a)(2) — “any amount collected in excess of an amount computed in accordance with the decision of the Tax Court” — since the collection would equal (and not exceed) the deficiency we upheld. More importantly, nothing in section 6037(c) requires any such inefficient approach. The Internal Revenue Code is extraordinarily complex, and its parts do not always fit together well. The arguments and evidence that Judge Holmes assembles are insufficient to convince me that his reading is correct. Although a taxpayer who receives notification of inconsistent treatment cannot, in response to that notification, petition the Tax Court, a taxpayer who receives a statutory notice of deficiency is explicitly so empowered. While undoubtedly there will be difficulties in harmonizing section 6037(c) with the deficiency procedures, I do not find in that section the wholesale restriction on our jurisdiction to redetermine deficiencies that Judge Holmes finds. Goeke and Gustafson, JJ., agree with part II of this concurring opinion. A deficiency is defined in part as the excess of “the tax imposed by subtitle A” (i.e., the taxpayer’s income tax liability) over “the amount shown as the tax by the taxpayer upon his return”. Sec. 6211(a). The taxpayer in the example in the text is arguing no deficiency on the ground that, taking into account the two adjustments (dividend and unclaimed deduction), the tax imposed by subtit. A is exactly equal to the tax shown on his return.